UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTONIO GRIGGS                                CIVIL ACTION NO. 11-cv-1919

VERSUS                                        JUDGE FOOTE

PARISH OF CADDO                               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Antonio Griggs, who also refers to himself as Antonio Griggs-Bey, commenced this action by filing a document titled Notice of Removal. The document's caption refers to the First Judicial District Court in Caddo Parish and lists four suit numbers. The document does not provide any additional information about the alleged state court actions and does not specify the grounds for removal. It does make assertions such as that an unspecified "offense charged" is not punishable under a valid statute, an indictment does not conform to certain requirements, and the state court lacks jurisdiction.

The assertion that the state court lacks jurisdiction invokes the Moors Sundry Act of 1790. That act is mentioned throughout the document, and Griggs asserts that he is a Moorish American. The act to which Griggs refers was passed by the South Carolina legislature to distinguish certain subjects of the Sultan of Morocco and treat them as white people and not subject to the laws that governed blacks and slaves. Griggs does not explain how that ancient South Carolina statute applies to a pending Louisiana state court civil or criminal action.

A review of state court records, conducted by a deputy clerk at the request of the court, found that the suit numbers referenced in the caption of the Notice of Removal do not match any civil or criminal case associated with Griggs. The only number that linked to an actual case is a civil suit to which Griggs is not a party. The clerk did locate (1) a Declaration of Nationality that Griggs filed to assert his status as a Moorish American and (2) a criminal matter in which "Antonio L. Griggs" pleaded guilty to possession of marijuana in January 2011 and was sentenced to serve 60 days in the parish jail. That event happened several months before the November 2011 filing of the Notice of Removal. To the extent Griggs might be trying to remove that completed criminal prosecution, the statutory provision for removal of criminal cases is 28 U.S.C. § 1443.[1]

The Supreme Court's interpretations of Section 1443 were discussed in <u>Williams v. State of Mississippi</u>, 608 F.2d 1021 (5th Cir. 1979). The Fifth Circuit read the high court's precedent to "make clear" that a removal under Section 1443(1) must satisfy a two-prong test. First, it must appear that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality. Second, it must appear that the person seeking removal is denied or cannot enforce those specific federal rights in the courts

---

[1] Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

of the state. That second element requires that the denial be manifest in a formal expression of state law. <u>Williams</u>, 608 F.2d at 1022. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." <u>Johnson v. Mississippi</u>, 95 S.Ct. 1591 (1975).

Griggs has not identified any right that arises under a federal law providing for specific civil rights stated in terms of racial equality that he is unable to enforce in the state courts because of a formal expression of state law. The absence of a pending criminal action or viable grounds for removal of a criminal case preclude any removal under Section 1443. Griggs has not identified any pending civil action which might be subject to removal.

A federal court ordinarily remands an action when it has been improperly removed from the state court. In this case, however, there is no identifiable state court action, so there is nothing to remand, and doing so would only cause confusion and a waste of time by state court officials. The appropriate response in this unique setting is to simply enter final judgment that closes this federal action.

Accordingly,

**IT IS RECOMMENDED** that the court enter a final judgment that closes this action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of April, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE